**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AMBER KELSEY,

        Plaintiff,

    v.

DISTRICT OF COLUMBIA,

        Defendant.

Civil Action No. 13-1956 (BAH)

Chief Judge Beryl A. Howell

**MEMORANDUM OPINION**

The plaintiff, Amber Kelsey, brings this action under the Individuals with Disabilities Education Act, as amended, 20 U.S.C. §§ 1400 *et seq.* ("IDEA"), against the District of Columbia. *See* Compl. at 1, ECF No. 1. Pending before the Court is the plaintiff's Motion for Attorney's Fees ("Pl.'s Mot."), ECF No. 48. The Magistrate Judge to whom this motion was randomly referred submitted a report recommending that the motion be granted in part and denied in part, *see* Report and Recommendation, Oct. 7, 2016, 2015 ("R&R"), ECF No. 53, and the plaintiff has timely filed a number of objections to that recommendation, *see* Pl.'s Objections to the Report and Recommendation of the Magistrate Judge ("Pl.'s Objs."), ECF No. 54. For the reasons explained below, the plaintiff's objections are sustained in part and overruled in part. Accordingly, the plaintiff's Motion for Attorney's Fees is granted in part and denied in part.

I.    **BACKGROUND**

The background of the present dispute has been described in the R&R and by this Court in its two prior decisions involving this plaintiff. *See Kelsey v. District of Columbia*, 85 F. Supp. 3d 327, 330–32 (D.D.C. 2015); *Clay v. District of Columbia*, Mem. & Order, No. 09-1612 (D.D.C. April 24, 2013), ECF No. 59. In *Clay*, this Court ruled that the plaintiff "was denied a

1

[Free Appropriate Public Education ("FAPE")] by the defendant during the period between March 19, 2007 and June 2008 because of the denial of speech therapy." *Clay*, Mem. & Order at 32. Following that ruling, the case was remanded to a Hearing Officer to conduct "fact-finding to establish the amount of speech and language therapy or other specialized instruction [the plaintiff] was deprived in the period between March 19, 2007 and June 2008, and determine the level of compensatory education services [she] requires to place her in the same position she would have been but for DCPS' IDEA violations during the period at issue." *Id.* at 33. At the conclusion of that hearing, the plaintiff was awarded ninety-six hours of speech language services—approximately eight times the number of hours urged by the defendant. *Kelsey*, 85 F. Supp. 3d at 331; *see also* AR at 20, ECF No. 16-1.

In December 2013, the plaintiff initiated the present action to challenge that award and to recover the attorney's fees incurred in the administrative proceeding. *See* Compl. ¶¶ 24–29. In her substantive challenge to the Hearing Officer's award, the plaintiff alleged that "the evidence showed that she required 480 hours of Speech therapy." *Id.* at 2. The plaintiff and the defendant filed cross-motions for partial summary judgment on the plaintiff's appeal of the award, *see* Pl.'s Mot. Summ. J., ECF No. 24; Def.'s Opp'n Pl.'s Mot. Summ. J. & Cross-Mot. Summ. J., ECF No. 27, and the Magistrate Judge recommended that the plaintiff's motion be denied and the defendant's motion be granted, *see* Report and Recommendation, Jan. 13, 2015 ("Jan. 13, 2015 R&R"), ECF No. 32. This Court adopted that report over the plaintiff's objections, thus denying the plaintiff's motion and granting the defendant's motion. *See Kelsey*, 85 F. Supp. 3d at 337.

Following that decision, the plaintiff filed a motion for summary judgment on her request for attorney's fees in the amount of $46,597.50 as the prevailing party in the IDEA administrative proceeding. *See* Pl.'s Mot. Summ. J. at 1, ECF No. 40. In opposing the plaintiff's

request, the defendant argued that the proposed billing rate of $450.00 per hour was unreasonable and, in addition, that the overall award should be reduced by at least sixty percent to reflect the plaintiff's limited success. *See* Def.'s Mem. P. & A. at 1, 9, ECF No. 43. The Magistrate Judge recommended that both motions be granted in part and denied in part. Report and Recommendation, Mar. 18, 2016 ("Mar. 18, 2016 R&R"), at 1, ECF No. 46. Specifically, while finding reasonable the requested billing rate of $450.00 per hour, the Magistrate Judge recommended reducing the amount requested by the plaintiff by fifteen percent, to $39,607.45, to account for "the disparity between the relief Plaintiff requested and the actual relief she was awarded" in the underlying administrative proceeding. *Id.* at 12. The parties filed no objections to the Magistrate Judge's report, and this Court adopted it in its entirety, thus granting in part and denying in part both motions. *See* Mem. & Order, Apr. 5, 2016, ECF No. 47.

In the present motion, the plaintiff seeks a so-called fees-on-fees award, requesting reimbursement for attorney time expended that was "reasonably necessary" to prevail on her request for attorney's fees in connection with the administrative proceedings, as well as for fees incurred in the present motion. Pl.'s Mem. P. & A. Supp. Pl.'s Mot. Attorney's Fees ("Pl.'s Mem.") at 2–3, ECF No. 48. Specifically, the plaintiff sought reimbursement for (1) "$70,200.00 in fees for attorney time expended through the date of the Court's [March 31, 2015,] Memorandum & Order," comprising 157.2 of the 363.3 total hours expended in the course of this action at a billing rate of $450.00 per hour, and (2) $4,230.00, comprising 9.4 hours of attorney time at the same rate, for the preparation of the instant motion for fees-on-fees. *Id.* at 3.

The defendant opposed the plaintiff's motion on the grounds that the plaintiff "seeks compensation for hours spent on the unsuccessful appeal, and any award should be reduced to account for Plaintiff's degree of success on the merits of the first fees petition." Def.'s Opp'n

Pl.'s Mot. Attorney's Fees & Costs ("Def.'s Opp'n") at 1, ECF No. 50.  The defendant acknowledged that the plaintiff prevailed in the fees dispute, but pointed out that she did not prevail on her substantive appeal of the Hearing Officer's determination.  *Id.* at 3.  According to the defendant, only 98.5 of the hours claimed by the plaintiff were expended for the fees dispute. *Id.* at 8.  Moreover, the defendant contended that "Plaintiff's requested number of hours more than triples the hours reasonably devoted to substantially the same tasks in other, very similar litigation" and thus "the Court should reduce the number of hours to no more than 45 hours." *Id.* at 9.  In reply, the plaintiff conceded 6.2 of the requested hours, which were expended during the period from July 23, 2013, to February 3, 2014, and contested by the defendant.  *See* Pl.'s Reply Def.'s Opp'n Pl.'s Mot. Fees at 5–6, ECF No. 51.

The R&R recommends three adjustments to the plaintiff's request for attorney's fees, resulting in a total award of $29,947.50.[1]  R&R at 10.  First, since the plaintiff "has not proffered any evidence that the fee litigation in the matter was particularly complex or novel," the R&R recommends that "Plaintiff is not entitled to full *Laffey*" rates but instead the "compensable rate . . . reduced by 50%, to $225.00 per hour." R&R at 8.  Second, the R&R recommends, in addition to the plaintiff's concession of 6.2 hours, that the number of hours expended during that same period, from July 23, 2013, to February 3, 2014, be further reduced by fifty percent because "Plaintiff's efforts were expended in equal part, if not in large part, to further an unsuccessful appeal of the [administrative proceeding]." *Id.* at 9.  Finally, the R&R "recommends that Plaintiff's overall award be reduced by 15% for limited success at the remand

---

[1]      Minor discrepancies exist between the parties' assertions regarding the amount of time expended. *See* Def.'s Opp'n Pl.'s Objs. R&R at 4–5, ECF No. 56.  Given that neither party objected to the hours used in the R&R, those hours will be used to calculate the award here. *See* R&R at 9–10 & n.8.  The R&R does not focus on the plaintiff's counsel's travel time, which amounts to 2.4 hours expended on October 14, 2013, and February 11, 2014, for which the plaintiff requested to be compensated at $225.00, *see* Pl.'s Mem. at 7–8, and the plaintiff's suggested values also will be used here.

hearing stage in accordance with this Court's findings in the original Report and Recommendation and Memorandum and Order regarding attorneys' fees." *Id.* at 8.

## II.   LEGAL STANDARD

Motions for attorneys' fees may be referred to a Magistrate Judge for a report and recommendation, and any objections thereto are subject to *de novo* review by the district court. FED. R. CIV. P. 54(d)(2)(D) (stating that a court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter"); *see also David v. District of Columbia*, 252 F.R.D. 56, 58 (D.D.C. 2008) (noting "the limited jurisdiction granted by Congress to a magistrate judge in Federal Rules 54(d)(2)(D) and 72(b) to issue a recommendation on a motion for attorneys' fees"). Federal Rule of Civil Procedure 72(b) provides that "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to," and "may accept, reject, or modify the recommended disposition." FED. R. CIV. P. 72(b)(3); *see also* LCvR 72.3(c) ("A district judge shall make a *de novo* determination of those portions of a magistrate judge's findings and recommendations to which objection is made . . . .").

The IDEA provides that "the court, in its discretion, may award reasonable attorneys' fees . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i). Such fees must be "be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished," with no "bonus or multiplier . . . used in calculating" a final IDEA fee award. *Id.* § 1415(i)(3)(C). This statutory language makes plain that a prevailing party in an IDEA action may seek the award of attorneys' fees that are "reasonable." *Id.* § 1415(i)(3)(B)(i). The D.C. Circuit has developed a "three-part" analysis for assessing whether a requested fee award is reasonable under federal statutes

authorizing fee-shifting. *Eley v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015). "First, the court must determine the number of hours reasonably expended in litigation. Second, it must set the reasonable hourly rate. Finally, it must determine whether use of a multiplier is warranted." *Id.* (internal citations and quotation marks omitted).[2]  With regard to the proposed hourly rate, the Court considers three sub-elements: "(1) 'the attorney['s] billing practices,' (2) 'the attorney['s] skills, experience, and reputation' and (3) 'the prevailing market rates in the relevant community.'"  *Id.* (alterations in original) (quoting *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995)).

The availability of reasonable attorneys' fees applies to fees incurred in IDEA litigation both before administrative agencies and in federal court, as well as to fees incurred to vindicate a plaintiff's right to fees. Thus, the D.C. Circuit held in *Kaseman v. District of Columbia* that "[p]arties who prevail at the administrative level can also recover fees-on-fees, as [the D.C. Circuit's] general rule is that the court may award additional fees for 'time reasonably devoted to obtaining attorney's fees.'" 444 F.3d 637, 640 (D.C. Cir. 2006) (quoting *Envtl. Def. Fund v. EPA*, 672 F.2d 42, 62 (D.C. Cir. 1982)). In allowing successful plaintiffs to obtain fees-on-fees, the D.C. Circuit has emphasized that the availability of such awards "is essential to carrying out Congress' goal in including [fee-shifting] provision[s] in the first place." *Am. Fed'n of Gov't Emps., AFL–CIO, Local 3882 v. Fed. Labor Relations Auth.*, 994 F.2d 20, 22 (D.C. Cir. 1993). Without them, a litigant would not be made "whole when she is wronged under a statute," even if she succeeds on the merits of her claim, and potential litigants might be discouraged from bringing their claims because of the "costs of pursuing such suits." *Id.* Consequently, "such fees

---

[2]       Since the IDEA prohibits application of any bonus or multiplier, *see* 20 U.S.C. § 1415(i)(3)(C), only the first and second elements of this analysis are relevant in IDEA cases.

are often necessary to fulfill the purposes of the statutory scheme on which the action is based." *Id.*

"The 'fee applicant bears the burden of establishing entitlement to an award, documenting the appropriate hours, and justifying the reasonableness of the rates.'" *Eley*, 793 F.3d at 100 (quoting *Covington*, 57 F.3d at 1107). Once an applicant meets this initial burden, a presumption applies that the number of hours billed and the hourly rates are reasonable. *Covington*, 57 F.3d at 1109 (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)); *see also Jackson v. District of Columbia*, 696 F. Supp. 2d 97, 101 (D.D.C. 2010) (citing *Blackman v. District of Columbia*, 677 F. Supp. 2d 169, 172 (D.D.C. 2010)). At that point, the burden shifts to the opposing party to "provide specific contrary evidence tending to show that a lower rate would be appropriate." *Covington*, 57 F.3d at 1109–10 (quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1326 (D.C. Cir. 1982)).

While the IDEA authorizes the court to award reasonable attorneys' fees "in its discretion," 20 U.S.C. § 1415(i)(3)(B)(i), the D.C. Circuit has observed, "notwithstanding the apparently permissive language of the statute, the Supreme Court has interpreted similar language in other fee-shifting contexts to mean that the prevailing plaintiff 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Price v. District of Columbia*, 792 F.3d 112, 114–15 (D.C. Cir. 2015) (quoting *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968) (per curiam)). A district court's award of attorneys' fees is reviewed for an abuse of discretion, *Eley*, 793 F.3d at 103 (citing *King v. Palmer*, 950 F.2d 771, 785 (D.C. Cir. 1991) (en banc)), and the D.C. Circuit will not upset such an award "absent clear misapplication of legal principles, arbitrary fact finding, or unprincipled disregard

for the record evidence," *id.* at 103–04 (quoting *Kattan ex rel. Thomas v. District of Columbia*, 995 F.2d 274, 278 (D.C. Cir. 1993)).

## III.   DISCUSSION

The plaintiff raises objections to the following five recommendations in the R&R: (1) the recommendation that the plaintiff's attorney's *Laffey* rate is $450.00 per hour, Pl.'s Objs. at 4; (2) the recommended reduction of the plaintiff's proposed billing rate from $450.00 to $225.00, *id.*; (3) the characterization of 22.4 hours expended as spent "drafting the Complaint," *id.* at 7; (4) the recommended application of a fifty percent reduction in the number of hours expended during the period July 23, 2013, to February 3, 2014, *id.* at 8–9; and (5) the recommended application of a global reduction of fifteen percent to the fees-on-fees award, *id.* at 10.  While raising no objections if its own, the defendant opposes any substantive alteration to the R&R. *See* Def.'s Opp'n Pl.'s Objs. R&R ("Def.'s Opp'n Pl.'s Objs."), ECF No. 56.  Each of the plaintiff's objections is considered *seriatim* below.

### A.   Reasonableness of the Plaintiff's Proposed Hourly Rate

The plaintiff's first two objections both relate to the hourly rate used to calculate her fees-on-fees award. *See* Pl.'s Objs. at 4–5.  First, the plaintiff notes the hourly rate of $450.00 she has requested throughout this litigation, and which was previously found reasonable in this case, *see* Mem. & Order, Apr. 5, 2016, is in fact lower than the rate dictated by the *Laffey* Matrix. Specifically, she asserts that her attorney began practicing law in 1985 and, consequently, that her rate of compensation under the *Laffey* Matrix is $568.00 per hour, not $450.00 as the R&R indicates. *Id.* at 4.  In addition, the plaintiff contends that the R&R errs in recommending a reduction by half in the requested $450.00 rate in view of both the R&R's earlier finding that the plaintiff "had met her burden of proof, under *Covington* [*v. District of Columbia*, 57 F.3d 1101

8

(D.C. Cir. 1995)], with respect to counsel's hourly rate" and the defendant's accession to the $450.00 per hour rate. *Id.* at 4. For its part, the defendant acknowledges its accession to the plaintiff's proposed hourly rate, but nevertheless contends, "That the District did not first raise these issues does not negate the Court's discretion to make determinations relevant to [the IDEA fees provision]." Def.'s Opp'n Pl.'s Objs. at 4. With respect to the recommendation to reduce the rate by half, the defendant notes that "[t]he Magistrate Judge appropriately . . . rel[ied] on similar district court fees on fees decisions as evidence of the reasonable rate to be applied here." *Id.* at 3.

The plaintiff has the better of both arguments. As the plaintiff notes, the R&R states that "Plaintiff's pre-determined *Laffey* rate is $450.00 per hour," citing the R&R submitted on the original fee award. *See* R&R at 7 (citing Mar. 18, 2016 R&R at 11). In fact, however, as acknowledged in the earlier R&R, the plaintiff's proposed $450.00 rate is significantly below the plaintiff's attorney's rate under any of the *Laffey* Matrices. *See* Mar. 18, 2016 R&R at 3 n.4. Under the applicable 2015–2016 USAO *Laffey* Matrix,[3] the plaintiff's attorney's *Laffey* rate is $568.00 per hour for time expended in 2016 and $530.00 per hour for all other time currently claimed by the plaintiff. *See* USAO Attorney's Fees Matrix – 2015–2016 ("2015–2016 USAO Laffey Matrix") at 1, https://www.justice.gov/usao-dc/file/796471/download. Thus, the $450.00 per hour rate itself reflects a more than fifteen percent discount on the applicable *Laffey* rate. Consequently, the R&R's finding that "Plaintiff's pre-determined *Laffey* rate is $450.00 per hour" is rejected. R&R at 7.

---

[3]     This Court has found appropriate the application to pending requests for attorney's fees of the current *Laffey* Matrix rates for the level of an attorney's experience at the time of billing. *See Eley v. District of Columbia*, No. 11-309 (BAH), 2016 WL 4435187, at *11 (D.D.C. Aug. 22, 2016); *Young v. Sarles*, No. 14-1203 (BAH), 2016 WL 3747528, at *9–10 (D.D.C. July 11, 2016).

Turning to the plaintiff's objection to the R&R's application of a fifty percent reduction to the applicable *Laffey* rate, the report's suggestion that an award for fees expended in fee litigation must reduce by half an attorney's full *Laffey* rate to be "reasonable" is also rejected. The R&R's conclusion that "Plaintiff is not entitled to full *Laffey*" rates and recommendation that "Plaintiff's compensable rate be reduced by 50%, to $225.00 per hour," R&R at 8, finds support in some decisions in this District. *See, e.g., Means v. District of Columbia*, 999 F. Supp. 2d 128, 136 (D.D.C. 2013) (adopting half the applicable *Laffey* rate after noting the defendant did not dispute the reasonableness of the proposed rate); *Garvin v. Gov't of D.C.*, 910 F. Supp. 2d 135, 140 (D.D.C. 2012) (adopting half the applicable *Laffey* rate because "the litigation for which the plaintiffs seek an award of attorneys' fees does not concern complex issues regarding the application of the IDEA, but is rather fairly straightforward litigation over an award of attorneys' fees under the IDEA's fee-shifting provision"); *Wright v. District of Columbia*, 883 F. Supp. 2d 132, 135 (D.D.C. 2012) (adopting half the applicable *Laffey* rate and noting "the undersigned has previously held that 'fee litigation is not complex federal litigation and does not necessarily entail specialized expertise and experience'" (quoting *Smith v. District of Columbia*, No. Civ.A.02-0373(AK), 2005 WL 914773, at *3 (D.D.C. Apr. 18, 2005))). Yet, as this Court has noted previously, there exists "a lack of unanimity among judges on this Court regarding the reasonable rate for attorneys' fees stemming from IDEA litigation," with some decisions applying three-quarters of the *Laffey* rate, some adopting reductions proposed by the plaintiff, and some applying full *Laffey* rates. *Jones v. District of Columbia*, No. 15-cv-155 (BAH), 153 F. Supp. 3d 114, 128 & nn.8–11 (D.D.C. 2015). In recent cases, the predominant view has been to apply full *Laffey* rates in IDEA fee litigation. *See id.* at 128 n.11 (citing cases); *see also Flood v. District of Columbia*, No. 15-497 (BAH), 172 F. Supp. 3d 197, 219 (D.D.C. 2016).

This lack of uniformity notwithstanding, relevant authorities support the conclusion that the $450.00 per hour rate proposed by the plaintiff, acceded to by the defendant, and adopted by this Court in its original award of attorney's fees is reasonable.  In *Jones*, this Court explained that "a successful fee applicant seeking fees-on-fees [need not] demonstrate anew the reasonableness of her proposed rate for time expended in her successful fee application."   153 F. Supp. 3d at 123.  In view of the "'essential' role of fees-on-fees in 'carrying out Congress' goal in including fee-shifting provisions,'" it makes little sense to impose "redundant barriers to recovery of fees-on-fees" by requiring plaintiffs to litigate the reasonableness of their attorneys' billing rates at each stage of IDEA litigation.  *Id*. at 123–24 (quoting *Am. Fed'n of Gov't Emps.*, 994 F.2d at 22).  For this reason, to the extent the R&R recommends an adjustment to the previously determined reasonable rate such that the plaintiff must now relitigate that issue, the recommendation stands on shaky ground.

Moreover, the R&R's finding that "traditional 'fees-on-fees' litigation is not the type of 'complex federal litigation' to which the *Laffey* rate applies" does not warrant adjusting the pre-determined reasonable rate.  R&R at 8.  As this Court also explained in *Jones*, "the Supreme Court recently reiterated that the purported complexity of a particular case generally may not serve as a basis for adjusting an otherwise reasonable fee award."  153 F. Supp. 3d at 124 (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010)).  According to the *Perdue* Court, the relative complexity or simplicity of a case is "fully reflected in the number of billable hours recorded by counsel."  559 U.S. at 553.  Consequently, "any consideration of the relative complexity of the present fees litigation as compared to the plaintiff's underlying administrative

action is already incorporated into the reasonableness of the number of hours spent in litigating her request for fees before this Court." *Jones*, 153 F. Supp. 3d at 125.[4]

Thus, the Court finds reasonable the $450.00 per hour rate, which rate reflects a significant discount of the plaintiff's counsel's *Laffey* rate, and has been acceded to by the defendant and deemed reasonable by this Court earlier in these proceedings. Accordingly, the plaintiff's objections to the Report and Recommendation's rejection of the billing rate proposed by the plaintiff and acceded to by the defendant are sustained, and that portion of the R&R is rejected.

### B.    Time Spent "Drafting the Complaint"

The plaintiff next objects to the R&R's characterization of 22.4 hours of counsel's time as spent "drafting the Complaint," when, the plaintiff argues, only 6.9 hours were spent on that task, with the remaining hours from that "time period . . . all spent on tasks essential to initiating, pursuing and prevailing on Plaintiff's successful fees claim." Pl.'s Objs. at 7. The defendant suggests that the R&R is best understood to characterize that time period as the "'drafting and filing the complaint' phase." Def.'s Opp'n Pl.'s Objs. at 4–5.

At first blush, this objection appears to be directed toward semantics and, consequently, to lack legal significance. The gravamen of the plaintiff's concern, however, appears to be that by characterizing those hours as time spent only "drafting the Complaint," the R&R understated the proportion of those hours essential to the fee litigation upon which the plaintiff prevailed. The question of the appropriate percentage reduction to be applied to counsel's time spent during this period will be addressed in the following section.

---

[4]        The separate question of the reasonableness of the number of hours requested by the plaintiff is addressed in considering the plaintiff's objections discussed below in Part III.C.

### C.   Compensable Hours Expended from July 23, 2013, to February 3, 2014

The plaintiff objects to the R&R's application of a fifty percent reduction to 55.4 hours of time expended between July 23, 2013 and February 3, 2014. *See* Pl.'s Objs. at 8–10; R&R at 9. According to the plaintiff, during that six-month period, "all tasks on which counsel worked were essential to initiating[, maintaining, and prevailing upon] Plaintiff's claim for attorney's fees." Pl.'s Objs. at 9. Acknowledging that *Hensley v. Eckerhart*, 461 U.S. 424 (1983), provides for reduction of fees "for work on . . . claims on which plaintiff did not prevail," the plaintiff nevertheless contends *Hensley* "nowhere authorizes elimination or reduction of fees for work that was necessary to pursue and prevail on a successful claim solely because that work also benefited an unsuccessful claim." Pl.'s Objs. at 10 (citing *Hensley*, 461 U.S. at 434–35). The defendant responds that "much of the time [expended in this period] by necessity relates only to the unsuccessful substantive appeal, which Plaintiff brought concomitant to the fee petition." Def.'s Opp'n Pl.'s Objs. at 5. According to the defendant, "[i]n these circumstances, *Hensley* recommends a reduction." *Id.*

The law is well-settled that where a plaintiff has not prevailed on every claim asserted, "[a] plaintiff's overall success on the merits . . . must be considered in determining the reasonableness of a fee award." *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 470 F.3d 363, 369 (D.C. Cir. 2006) (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). If a plaintiff "presents 'distinctly different claims for relief that are based on different facts and legal theories,' the limit on awards to 'prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim.'" *Id.* (quoting *Hensley*, 461 U.S. at 434–35). At the same time, the Supreme Court has rejected a rigid, "mathematical approach comparing the total number of issues in the case with

those actually prevailed upon" and cautioned that "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee[;] . . . the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley*, 461 U.S. at 435 & n.11.

In the present action, the plaintiff initially sought relief related to the administrative proceedings, as well as to the analytically distinct matter of attorney's fees. *See* Compl. at 9–10. Having not prevailed on her appeal of the administrative proceedings, the plaintiff seeks fees for less than half of the 363.3 hours expended in this action, excluding time billed for "two motions that Plaintiff lost." Pl.'s Objs. at 5–6. The 55.4 hours for which the R&R recommends a fifty percent reduction consist of (1) 22.4 hours preparing, drafting, and filing the Complaint and (2) 39.2 hours preparing an opposition to the defendant's motion to dismiss, reduced by 6.2 hours for time spent drafting the Complaint and meeting with the plaintiff and her grandmother, which the plaintiff conceded was not related to her success on the fee petition. *See* R&R at 9.

Inspection of those entries leads to the conclusion that the R&R's recommendation on this question should be accepted and the plaintiff's objections overruled. As the plaintiff contends, some of the expended time, such as time spent filing the Complaint, was essential to her claim for attorney's fees, though incidentally supporting her substantive appeal of the administrative decision. Yet, much of the legal argumentation appearing in the Complaint and the opposition to the defendant's motion to dismiss pertains solely to issues raised by the plaintiff's substantive appeal. On balance, a fifty percent reduction to time spent initiating the lawsuit and responding to the defendant's motion to dismiss appropriately accounts for the necessity of some portion of that time to the plaintiff's fees-on-fees request while also heeding

the Supreme Court's admonition in *Hensley* that "no fee may be awarded for services on [an] unsuccessful claim." 461 U.S. at 435.

Accordingly, the plaintiff's objection to the R&R's application of a fifty percent reduction to 55.4 hours spent during the time period from July 23, 2013, to February 3, 2014, is overruled, and the recommendation on this issue is accepted.

**D.     Global Reduction of Fifteen Percent to Reflect Success in the Fee Litigation**

Finally, the plaintiff objects to the R&R's proposal that "an overall reduction of 15% be applied to all fees." Pl.'s Objs. at 11. Specifically, the plaintiff contends that while *Hensley* contemplates such a reduction where "hours spent during the merits fees proceeding . . . were excessive, redundant, unproductive or unnecessary," the report identifies no such hours here. *Id.* Thus, the plaintiff suggests, because the hours expended on the original fee motion were reasonable, no basis is presented to reduce those hours further to reflect that the plaintiff failed to recover all of the fees for which she originally argued.

The plaintiff is incorrect. Although as the plaintiff suggests, *Hensley* requires courts to consider whether hours were "reasonably expended," *i.e.*, whether they are "excessive, redundant, or otherwise unnecessary," the primary holding of *Hensley* was that "[t]he product of reasonable hours times a reasonable rate does not end the inquiry"; rather, after determining the number of hours reasonably expended on the successful claim or claims, courts must then consider whether, *inter alia*, "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Hensley*, 461 U.S. at 434. Put another way, even assuming the plaintiff expended a "reasonable" amount of time on her fee litigation, her fees-on-fees award may nevertheless be "adjust[ed] . . . upward or downward" based on the "important factor of the 'results obtained.'" *Id.* Thus, "the *degree* of the plaintiff's

15

success in relation to the other goals of the lawsuit is a factor critical to the determination of the size of a reasonable fee." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 790 (1989) (emphasis in original).   In evaluating the degree of success, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation."   *Hensley*, 461 U.S. at 435.

In accordance with Supreme Court precedent, this Court has explained that to determine "what portion of the fees-on-fees [a plaintiff] reasonably incurred are recoverable . . . , the Court first determines what portion of the fees and costs the plaintiff requested in connection with her underlying administrative action is recoverable and, second, applies this recovery rate to the total fees and costs reasonably incurred in connection with the follow-on fee litigation."   *Eley*, 2016 WL 4435187, at *11.   In this case, the R&R appropriately takes into account the extent to which the plaintiff prevailed in her original fees motion and recommends applying that percentage to the fees reasonably expended in pursuit of the original fee award, as well as the present motion for fees-on-fees.[5]

Accordingly, the plaintiff's objection to the R&R's application of a fifteen percent reduction to the overall fees-on-fees award is overruled, and the recommendation on this issue is accepted.

---

[5]      In reply, the plaintiff emphasizes that a reduction of a fees-on-fees award may only be approved "where the applicant had, *during the course of the fees litigation* expended time in litigating a claim, cost or expense that the court ultimately [found] unsuccessful," and thus, that the fifteen percent global reduction at issue here constitutes an impermissible "double deduction" on her award. Pl.'s Reply Def.'s Opp'n Pl.'s Objs. at 15 (emphasis in original), ECF No. 57. To the extent the plaintiff argues she was entirely successful in her original fee litigation, she is incorrect. In that litigation, the Court adopted the Mar. 18, 2016 R&R's finding that the plaintiff's request for fees was too high in view of her degree of success in the administrative proceedings and recommended reduction of fifteen percent. *See* Mar. 18, 2016 R&R at 11–12. Consequently, having argued for more fees than she was ultimately awarded, the plaintiff was only eighty-five percent successful in the original fee litigation and is entitled to only eighty-five percent of the fees and costs incurred in that litigation.

**IV.     CONCLUSION**

For the foregoing reasons, the plaintiff's motion for fees is granted in part and denied in part. The plaintiff is entitled to reimbursement for 121.3 hours ((half of 55.4 hours) + 14.9 hours + 81.1 hours – 2.4 hours of travel) of attorney time expended in the original fee litigation, plus 9.4 hours of attorney time expended on the present motion, at a rate of $450.00 per hour; plus 2.4 hours of travel time at a rate of $225.00 per hour; reduced by fifteen percent. The plaintiff is thus entitled to reimbursement of a total of $50,451.75 in additional attorney's fees.

An appropriate Order accompanies this Memorandum Opinion.


Date:   December 1, 2016


_____
BERYL A. HOWELL
Chief Judge